Filed 4/22/15  P. v. Birch CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD BIRCH,<br><br>    Defendant and Appellant. | D066437<br><br><br>(Super. Ct. No. SCD127314) |

APPEAL from an order of the Superior Court of San Diego County, David. J. Danielson, Judge.  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Ronald Birch filed a petition for recall of sentence pursuant to the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126.)[1] Section 1170.126, subdivision (b) permits individuals who are serving indeterminate sentences under the Three Strikes law and whose current conviction is not based on a serious or violent felony, to file a petition for recall of sentence. The trial court denied Birch's petition. In its order, the trial court stated that Birch was ineligible for resentencing under section 1170.126 because his current commitment was for the offense of residential burglary (§§ 459, 460), which is a serious felony as defined by section 1192.7, subdivision (c)(18).

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Birch filed a supplemental brief in which he raises two claims pertaining to the imposition of his original sentence. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, and considering the issues raised in Birch's supplemental brief, we affirm.

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a jury found Birch guilty of first degree burglary (§§ 459, 460) (count 1) and resisting arrest (§ 148) (count 2). In addition, Birch was found to have suffered two strike priors (§§ 667, subds. (b)-(i), 1170.12), two serious felony priors (§§ 667, subd. (a)(1)), and a prison prior (§§ 667.5, subd. (b)).[2]

At sentencing, the trial court sentenced Birch to an aggregate term of 35 years to life in prison. The court imposed an indeterminate sentence of 25 years to life on count 1 pursuant to section 667, subdivisions (b) through (i). As to count 2, the court imposed 271 days of local time to be served concurrently with the sentence on count 1. The court also imposed two determinate five-year sentences for the serious felony priors (§ 667, subd. (a)(1)) to be served consecutively to the sentence on count 1. The court stayed execution of the sentence on the prison prior (§§ 667.5, subd. (b)).

In June 2014, Birch filed a petition for resentencing pursuant to section 1170.126. In July 2014, the trial court entered an order denying Birch's petition. In its order, the court stated that Birch was ineligible for resentencing under section 1170.126 because his current commitment was for the serious felony offense of residential burglary (§§ 459, 460).

---

[2]    The record does not reflect whether these findings were made by a jury, the court, or by way of an admission.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436.

After this court received counsel's brief, we gave Birch an opportunity to file a supplemental brief. Birch filed a brief in which he contends that the trial court in the underlying case erred in imposing two separate five-year serious felony prior enhancements (§ 667, subd. (a)(1)) because his prior convictions had not been brought and tried separately, as is required. Birch also appears to contend that the trial court in the underlying case imposed sentences for two prison priors (§ 667.5), and that the court erred in so sentencing him.

Even assuming that these claims relating to Birch's original sentence are cognizable in this appeal from his petition to recall, neither claim supports reversal of the judgment. The record in this case does not demonstrate that the trial court in the underlying case erred in imposing two separate five-year serious felony prior enhancements (§ 667, subd. (a)(1)), and the court in the underlying case imposed sentence on only a single prison prior (667.5, subd. (b)).[3]

---

3    As noted previously, the court stayed the execution of the sentence on the prison prior (§ 667.5).

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues raised in Birch's supplemental brief, has disclosed no reasonably arguable appellate issue.  Birch has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The order is affirmed.

_____

AARON, J.

WE CONCUR:

_____

HUFFMAN, Acting P. J.

_____

IRION, J.